# EXHIBIT 6



October 4, 2022

**Via Email and Federal Express**

Evel Zubiate
3918 Naco Perrin Blvd
San Antonio, TX 78217
evelzubiate@yahoo.com

Evel Zubiate
9710 I-35 Frontage Rd
San Antonio, TX 78233

>Re: One Hour Air Conditioning – Audit Demand
>OH0064 dated June 14, 2013
>OH0329 dated March 13, 2013
>OH0340 dated November 29, 2012

Dear Mr. Zubiate:

This letter constitutes a formal written notice (the "Default Notice" or "Default"), from One Hour ("Franchisor") under the terms of your franchise agreements dated June 14, 2013 ("OH0064"), March 13, 2013 ("OH0329") and November 29, 2012 ("OH0340") (collectively OH0064, OH0329 and OH0340 are referred to as the "Franchise Agreements"). Capitalized terms used but not defined in this Default Notice shall have the meaning assigned to them in the Franchise Agreement.

**Event of Default:**

**Failure to comply with the requests for a financial audit requested by Franchisor, as required by Section 9.4 of the Franchise Agreements.**

Sundeep Kohli sent you an audit letter informing you that Franchisor intended to conduct a financial audit of your operations and requested certain documents from you ("Audit Letter"). This letter was followed by a second letter I sent to you, requesting that you respond to the audit request. Unfortunately, as of the date of this letter, you have been unresponsive to our requests.

7120 Samuel Morse Drive, Suite 300
Columbia, MD 21046
Telephone: (800) 746-0458
Fax: (281) 783-2203
www.onehourair.com



Your refusal to cooperate with the audit process is a serious breach of your obligations under the Franchise Agreements, and you are now formally in default of your Franchise Agreements.

Section 9.4 of the Franchise Agreements states:

> One Hour, or its authorized agents and representatives, has the right during business hours, but without prior notice to Franchisee, to inspect the following operations and material to ascertain that Franchisee is operating the Franchised Business in accordance with the System and the terms of this Agreement: (A) all aspects of the operation of the Franchised Business at the Approved Location; (B) all Franchised Business Records; (C) Other Business Records (if any); and (D) all accounting and other records, books of account, tax returns and other documents and materials in the possession of or under the control of Franchisee relating to the Franchised Business, Franchisee, and/or the subject matter and terms of this Agreement, including, without limitation, all records of Franchisee required to be maintained under applicable law.

Moreover, Section 16.2(D) states that, "Franchisee shall be deemed to be in default of this Agreement, and Franchisor, at its option, may terminate this Agreement and all rights granted herein effective as of the time noted, if Franchisee:…(D) is in default of any of Franchisee's other obligations contained in this Agreement…and fails to cure such default and satisfy Franchisor that such default has been cured within thirty (30) days after receiving notice from Franchisor to cure the same."

**Opportunity to Cure**

**This is a formal notice of default under the terms of your Franchise Agreements.  To cure the default for the Franchise Agreements, you must respond to the Audit Letter agreeing to comply with the audit requirements and actively engage in the audit process within thirty (30) days after your receipt of this notice.**  If you fail to cure the Default as outlined herein by the Default Cure Deadline, please be advised that the Franchisor could file for injunctive relief with the courts or issue a written notice of termination.  Franchisor does not waive any rights under the Franchise Agreement and applicable law, including in equity, all of which are expressly reserved, including, without limitation, its right to (a) collect any amounts due and owing by you to Franchisor; and (b) recover lost future royalties.  Neither this Default nor any action take by Franchisor as a result thereof is a waiver of any other rights or action Franchisor may have against you.  This Default Notice is not intended to identify all of your defaults under the Franchise Agreements.  We reserve all rights related to such other defaults.

This matter is serious, and your immediate attention is required. Should you have any questions about this Default Notice, please do not hesitate to contact me at jdiblassio@authoritybrandsllc.com or 410-423-6248 to discuss.

Sincerely,

Justin M. DiBlassio
*Legal Counsel*

cc:   Mark Dawson, President