UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
(NORTHERN DIVISION)

| | | |
|---|---|---|
| ONE HOUR AIR CONDITIONING FRANCHISING SPE LLC, | * | |
| | * | Case No.: 1:23-cv-0739-ADC |
| Plaintiffs, | * | |
| v. | * | |
| ZUBIE AIR, INC., and EVEL L. ZUBIATE, | * | |
| | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## ANSWER

Defendants, Zubie Air, Inc. and Evel L. Zubiate, by and through their undersigned attorneys, answer the Complaint as follows:

### FIRST DEFENSE

The complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

In response to the separately numbered paragraphs in the Complaint, Defendants answer:

1. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1.

2. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2.

3. Defendants admit to Paragraph 3.

4. Defendants admit that Evel Zubiate is a natural person and Texas citizen, residing in San Antonio, Texas and that Zubiate is the President of Zubie Air. The remainder of the allegations in Paragraph 4 are denied.

5. Paragraph 5 of the Complaint is a conclusion of law to which no response is required.

6. Paragraph 6 of the Complaint is a conclusion of law to which no response is required. In further answer to Paragraph 6, Defendants deny that they have been engaged or been affiliated with a business that operates in competition with their One Hour Franchises.

7. Defendants deny the allegations contained in Paragraph 7.

8. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8.

9. Defendants admit that Zubie Air Inc. executed 4 separate franchise agreements and that Evel Zubiate executed a personal guarantee with each. The remainder of the allegations contained in Paragraph 9 are denied.

10. Defendants admit that Zubie Air, Inc entered into a franchise agreement on March 13, 2012. The remainder of the allegations in Paragraph 10 are legal conclusions to which no response is required.

11. Defendants admit that Zubie Air Inc entered into another franchise agreement on March 13, 2012. The remainder of the allegations contained in Paragraph 11 are conclusions of law to which no response is required.

12. Defendants admit that Zubie Air Inc entered into another franchise agreement on November 29, 2012. The remainder of the allegations contained in Paragraph 12 are conclusions of law to which no response is required.

13. Denied as to Paragraph 13

14. Defendants deny the allegations contained in Paragraph 14. In further answer to Paragraph 14, franchise agreements granted Zubiate an exclusive license to operate in the territories included in the Agreement.

15. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 with respect to what One Hour provides to each of its franchisees.

16. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 with respect to what One Hour provides to each of its franchisees.

17. Paragraph 17 Defendants deny Plaintiff's characterization of the franchise agreements and state that the language of the agreement speaks for itself.

18. Paragraph 18 Defendants deny Plaintiff's characterization of the franchise agreements and state that the language of the agreement speaks for itself.

19. Paragraph 19 Defendants deny Plaintiff's characterization of the franchise agreements and state that the language of the agreement speaks for itself.

20. Paragraph 20 Defendants deny Plaintiff's characterization of the franchise agreements and state that the language of the agreement speaks for itself.

21. Paragraph 21 is admitted to the extent that the definition of net sales is identical to the language in the Agreement.

22. Paragraph 22 is a legal conclusion to which no response is required.

23. Paragraph 23 is admitted to the extent that Section 9.4 of the Agreement is identical to the language therein.

24. Paragraph 24 is admitted to the extent that Section 9.4 of the Agreement is identical to the language therein.

25. Paragraph 25 is a legal conclusion to which no response is required.

26. Paragraph 26 is admitted to the extent that Section 7.1W of the Agreement is identical to the language therein.

27. Paragraph 27 is a legal conclusion to which no response Is required. In further answer to Paragraph 27 Defendants admit the language of Section 14.1 of the Agreement to the extent it is identical to the language stated.

28. Paragraph 28 is denied. In further answer to Paragraph 28, Defendants admit the language stated to the extent that it is identical to the Agreement.

29. Paragraph 29 is denied. In further answer to Paragraph 29, defendants admit to the language of Section 16.2D of the Agreement to the extent it is identical to language stated.

30. Defendants deny Plaintiff's characterization in Paragraph 30. In further response to Paragraph 30, Defendants admit to the language of the Agreement.

31. Paragraph 31 is denied.

32. Paragraph 32 is denied. In further response to Paragraph 32 these Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Elmer's advertising.

33. Defendants are without knowledge or information to form a belief as to the truth as to Plaintiff's intent. In further response to paragraph 33, Defendants admit that an audit was demanded on or about February 28, 2022.

34. Paragraph 34 is denied.

35. The allegations of Paragraph 35 are admitted to the extent that a default notice was issued on October 4, 2022. The remainder of the allegations in Paragraph 35 are denied.

36. Paragraph 36 is denied.

37. The allegations in Paragraph 37 are admitted to the extent that a letter was sent to Zubiate. The remainder of the allegations in Paragraph 37 are admitted to the extent they are identical with the language in the letter.

38. Paragraph 38 is denied.

39. Defendants admit that on January 26, 2023 a letter was sent,

40. Defendants deny the allegations contained in Paragraph 40.

41. The allegations in Paragraph 41 are an incorporation clause and are admitted, denied or responded to in the same manner as hereinabove stated.

42. Defendants deny the allegations contained in Paragraph 42.

43. Defendants deny the allegations contained in Paragraph 43.

44. Defendants deny the allegations contained in Paragraph 44.

45. Defendants deny the allegations contained in Paragraph 45.

46. Paragraph 46 is a conclusion of law to which no response is required.

47. The allegations in Paragraph 47 are an incorporation clause and are admitted, denied or responded to in the same manner as hereinabove stated.

48. Defendants deny the allegations included in Paragraph 48.

49. Defendants deny the allegations included in Paragraph 49.

50. Defendants deny the allegations included in Paragraph 50.

51. Defendants deny the allegations included in Paragraph 51.

52. The allegations in Paragraph 52 are an incorporation clause and are admitted, denied or responded to in the same manner as hereinabove stated.

53. Defendants deny the allegations included in Paragraph 53.

54. Defendants deny the allegations included in Paragraph 54.

55. Defendants deny the allegations included in Paragraph 55.

56. Defendants deny the allegations included in Paragraph 56.

57. Defendants deny the allegations included in Paragraph 57.

58. The allegations in Paragraph 58 are an incorporation clause and are admitted, denied or responded to in the same manner as hereinabove stated.

59. Paragraph 59 is admitted.

60. Defendants deny the allegations included in Paragraph 60.

61. Defendants deny the allegations included in Paragraph 61

62. Defendants deny the allegations included in Paragraph 62.

63. Defendants deny the allegations included in Paragraph 63.

64. Paragraph 64 is a legal conclusion which no response is required.

65. All allegations of the Complaint not specifically admitted are denied.

### THIRD DEFENSE
### AFFIRMATIVE DEFENSES

1. Plaintiff's claims are barred, in whole or in part, by the doctrine of duress.

2. Plaintiff's claims are barred, in whole or in part by, the doctrine of estoppel.

3. Plaintiff's claims are barred, in whole or in part by, the doctrine of equitable estoppel.

4. Plaintiff's claims are barred, in whole or in part by, failure of consideration.

5. Plaintiff's claims are barred, in whole or in part, by illegality.

6. Plaintiff's claims are barred, in whole or in part, by waiver.

**FOURTH DEFENSE**

1. Defendants are not subject to the personal jurisdiction of this Court.

WHEREFORE, Defendants respectfully request that the Court dismiss the Complaint with prejudice and without leave to amend, award costs and reasonable attorney's fees to them, and that it grant them such other and further relief as may be just.

/s/ Steven R. Freeman
Steven R. Freeman (Bar No. 02927)
Freeman Associates, LLC
409 Washington Avenue, Suite 200
Towson, Maryland 21204
(410) 842-6600 - phone
(410) 825-1316 - fax
srf@freemanlaw.us
*Attorneys for Defendants*